Louisa D. Kane *against* William B. Astor and others.

*Construction of will and codicils.*

The complaint was exhibited by the plaintiffs as a devisee and legatee of the late John Jacob Astor, against his executors, and certain other devisees under the will and codicils, to procure a construction of parts of those instruments, as regards the rights of the plaintiffs. In the will, and in certain codicils prior to the sixth codicil, the testator made certain gifts of real and personal estate to the plaintiff. Some were legacies and devises absolutely and in fee simple : some were to her in remainder, after the death of her mother, brothers and sisters, and others were to her for life, and then to her surviving issue. By the sixth codicil, the testator revoked, to a certain extent, the provisions which he had made in favor of the plaintiff. By the first clause of this codicil he took from the plaintiff the interests in real estate, which he had given her on his decease, by his will and former codicils, and made other dispositions of that property. By the second clause he took from the plaintiff the estates and interests, both in real and personal estate, to which she would have been entitled by the will and prior codicils after the decease of her mother, brothers and sisters, and gave them to others.

By the fifth clause the testator gave to Mrs. Langdon, the plaintiff's mother, a power to appoint and give to the plaintiff one-half in value of the estates, which, by that codicil, the testator had taken from the plaintiff and given to others.

The court *held*, *first*, that the first clause of the sixth codicil was limited in its operation to devises which, by the prior provisions, would have taken effect in possession at the time of the testator's death, and did not em-

brace future estates, though they were vested remainders at the time of taking effect of the will.

*Second.* That the second clause of the codicil embraced estates and interests in real and personal estate, which, by the will and prior codicils, had been given to the plaintiff, to take effect in possession and enjoyment at or after the death of the plaintiff's mother, brothers and sisters, though they might be of the class of gifts which were vested in interest at the death of the testator.

*Third.* That the deed of appointment which Mrs. Langdon had executed under the power, did not create future estates in favor of the issue of the plaintiff in property which, by the primary gifts, had been devised or bequeathed to the plaintiff in fee; but that in that class of gifts, the plaintiff took the same estates in the shares conveyed by the power, which she would have taken under the primary devise.

*Fourth.* That in other respects the judgment of the Superior Court under review should be affirmed, and that in the particulars mentioned it should be modified, so far as it affected the interests of the parties appealing.

(S. C., 5 Sandf. 469; 9 N. Y. 113.)